IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02699-BNB

BENAD ABIODUN,

    Plaintiff,

v.

JEFFERSON COUNTY,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 5 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Benad Abiodun is a detainee at the Immigration and Customs Enforcement Processing Center in Aurora, Colorado. Mr. Abiodun has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. He seeks damages as well as declaratory and injunctive relief.

Mr. Abiodun has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint at any time if the claims asserted are legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint as legally frivolous.

The Court must construe the complaint liberally because Mr. Abiodun is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall**

***v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. ***See id.***

Mr. Abiodun was convicted in the Jefferson County District Court on two counts of possession and two counts of distribution of a controlled substance. ***See People v. Abiodun***, 111 P.3d 462, 464 (Colo. 2005). He was sentenced to four, concurrent four-year terms in prison and a period of mandatory parole. ***See id.*** On direct appeal, the Colorado Court of Appeals vacated Mr. Abiodun's two convictions for possession of a controlled substance. ***See id.*** The state court of appeals affirmed the two convictions for distribution of a controlled substance. ***See id.*** The Colorado Supreme Court granted certiorari review and affirmed the judgment of the state court of appeals. ***See id.*** On May 31, 2005, the state court of appeals issued its mandate remanding the case to the Jefferson County District Court for proceedings consistent with the opinions of the Colorado Supreme Court and the court of appeals.

Mr. Abiodun contends in the instant action that his state court criminal convictions violate his constitutional rights. However, he may not challenge the validity of his state court criminal convictions in this civil rights suit against the named Defendant, Jefferson County. First, any claims Mr. Abiodun seeks to raise in federal court challenging the validity of his state court criminal convictions must be raised in an

2

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court notes that Mr. Abiodun previously has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court criminal convictions. *See* **Abiodun v. Maurer**, No. 05-cv-02305-WDM-PAC (D. Colo. Mar. 30, 2007), *appeal dismissed*, No. 07-1184 (10th Cir. Dec. 4, 2007). Each of Mr. Abiodun's claims in 05-cv-02305-WDM-PAC was addressed and rejected.

The instant action also lacks merit because Jefferson County is not a proper Defendant for the claims Mr. Abiodun is raising. Mr. Abiodun alleges that his right to due process was violated during the course of the state court criminal proceedings that led to his convictions and that the denial of due process resulted from official policies or customs of Jefferson County and county officials. However, the Jefferson County District Court in which Mr. Abiodun was tried and convicted is a judicial district of the State of Colorado. *See* Colo. Rev. Stat. § 13-5-102. Although the Jefferson County District Court is located geographically within Jefferson County, the state district court is not a division of the county government of Jefferson County and is not directed, controlled, or supervised by county officials. Therefore, even if Mr. Abiodun could raise in this action his claims challenging the validity of his state court criminal convictions, the complaint is legally frivolous because the facts alleged do not support an arguable claim against the named Defendant.

Mr. Abiodun's complaint also lacks merit because the Court cannot grant the injunctive relief requested in this action. As noted above, Mr. Abiodun wants the Court to compel Defendant to comply with the May 31, 2005, mandate of the Colorado Court of Appeals. However, the state appellate court's mandate was directed to the Jefferson

3

County District Court and not the Defendant named in this action. Furthermore, although a federal district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, Mr. Abiodun is not asking for injunctive relief against an officer or employee of the United States or any agency thereof.

In any event, it is not clear what action Mr. Abiodun believes should be taken in response to the state appellate court's mandate. It appears that Mr. Abiodun may believe he is entitled to a new trial or some other relief at the district court level. If so, he is mistaken. At most, assuming an amended mittimus has not been entered already, Mr. Abiodun is entitled to entry of an amended mittimus that indicates he was convicted only on two counts of distribution of a controlled substance.

Finally, to the extent Mr. Abiodun seeks an award of damages based on his allegedly unconstitutional convictions for distribution of a controlled substance, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Because the convictions for distribution of a controlled substance have not been invalidated, Mr. Abiodun's claims for damages challenging the validity of those convictions are barred. Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 25 day of January, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02699-BNB

Benad Abiodun
Prisoner No. K0087
Aurora/ I.C.E. Processing Center
11901 E. 30th Ave.
Aurora, CO 80010-1525

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/25/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk